## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**HEATHER M. HAIRE &**
**MICHAEL D. HAIRE II,**

   **Plaintiff,**

vs.

**HARLEY-DAVIDSON FINANCIAL SERVICES**
**INC.,**

   **Defendant.**

_____/

**CASE NO.**

**JURY TRIAL DEMANDED**
8:18-cv - 01795 -T-35-MAP

## COMPLAINT

Plaintiffs, HEATHER M. HAIRE & MICHAEL D. HAIRE II ("Plaintiffs"), allege the

following Complaint against Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, INC.

("Defendant"):

1.  This is an action for damages for violations of the Telephone Consumer Protection

Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat.

§§ 559.55 *et seq.* ("FCCPA").

### PARTIES

2.  Plaintiffs are "consumers" as that term is defined by Fla. Stat. § 559.55(2).

3.  Defendant is a foreign company that does business in Florida.  The actions forming

the basis of this Complaint took place at Plaintiffs' home location in this district.

4.  Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.



-1-

5.      Plaintiff, Heather M. Haire, is the subscriber, regular user and carrier of the cellular telephone number, (727-XXX-8214), and was the called party and recipient of Defendant's autodialer calls.

6.      Plaintiff, Michael D. Haire II, is the subscriber, regular user and carrier of the cellular telephone number, (727-XXX-1875), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

9.      Plaintiffs allegedly incurred a consumer debt with Defendant. (hereinafter "Subject Debt").

10.     The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiffs' personal, family, or household purposes.

11.     Plaintiffs ran into financial hardship and fell behind on payment.

12.     As part of its efforts to collect the Subject Debt, Defendant began a campaign of placing automated calls to Plaintiffs' cellular phones.

13.    In or around May, 2018, Plaintiffs informed Defendant of their financial hardship and requested Defendant to stop calling their cell phones.

14.    Despite Plaintiffs' request, Defendant continued to place automated calls to Plaintiff's cell phones.

15.    Defendant left pre-recorded messages on Plaintiffs' cell phones.

16.    Further, many of the calls to Plaintiffs' cell phones would have an automated message in the beginning of the call.

17.    Defendant has a corporate policy to use an ATDS and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

18.    Despite Plaintiffs informing Defendant for their reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiffs.  As a result, the Defendant's subsequent attempts to persuade Plaintiffs were made with the intent to simply exhaust Plaintiffs' will and harass Plaintiffs.

19.    The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiffs.  Defendant's conduct has caused Plaintiffs significant anxiety, emotional distress, frustration, and anger.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47  U.S.C. § 227 *et seq.*

20.    Plaintiff, Heather M. Haire, incorporates by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

21.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

22.     The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number.  As such, the Defendant's calls were willful or knowing.  *See* 47 U.S.C. § 312(f)(1).

24.     As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

25.     Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 48  U.S.C. § 227 *et seq.*

26.     Plaintiff, Michael D. Haire II, incorporates by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

27.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

28.     The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone  using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29.     Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number.   As such, the Defendant's calls were willful or knowing.   *See* 47 U.S.C. § 312(f)(1).

30.     As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

31.     Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

32.     Plaintiff, Heather M. Haire, incorporates by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

33.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

      a.   Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

34.     As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT IV

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

35.     Plaintiff, Michael D. Haire II, incorporates by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

      a.   Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

37.     As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

/s/ _____

Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Ave
St. Petersburg, Florida 33707
(727) 344-0123(office)
*Attorneys for Plaintiff*